UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| LARRY E. EALY, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2: 20-21-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JUDGE JAMES R. SCHRAND, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondents. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Larry Ealy is a resident of Muncie, Indiana. Proceeding without counsel, Ealy has filed a petition for a writ of habeas corpus "Pursuant to Chapter 2254-55." For the reasons explained below, the Court construes his petition as one asserted under 28 U.S.C. § 2241. The petition is before the Court for initial screening pursuant to 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

Ealy indicates that, on September 4, 2018, he was arrested in Gallatin County, Kentucky and charged with receiving stolen property (*i.e.*, a vehicle). He was also charge with a handful of traffic violations, including driving without a license, without insurance, without registration, with no/expired plates, and traveling at 92 miles per hour in a 70 mile per hour zone. [Record No. 1-2] Ealy alleges that he had purchased the vehicle in Dayton, Ohio, but it was later incorrectly reported as stolen. Ealy posted bail three days after his arrest and was released from custody. He indicates that his public defender recently advised him to reach a plea agreement or face twenty years in prison.

Ealy contends that, because the vehicle was allegedly stolen in Ohio, the Kentucky court "lacks subject matter jurisdiction" over the charge for receiving stolen property. He also argues that Kentucky law requires the traffic charges to be dismissed because he was not issued a citation when he was arrested. Ealy requests that the Kentucky prosecution be "terminated" and that he be "release[d] back to his original State of Ohio where the Petitioner purchased said vehicle" and where he was charged with theft of it. [Record No. 1, No. 1-1 at 2]

Ealy's request for habeas relief is best construed as arising under 28 U.S.C. § 2241, not 28 U.S.C. § 2254 or § 2255. Section 2255 does not apply because Ealy challenges a state prosecution rather than a federal one and, therefore, a future conviction would not make him "[a] prisoner in custody under sentence of a court established by Act of Congress" as required to invoke § 2255(a). Section 2254 may only be asserted by those who are "in custody pursuant to the *judgment* of a State court," and a pretrial detainee does not meet § 2254(a)'s custody requirement. Cf. *Stow v. Murashige*, 389 F.3d 880, 882 (9th Cir. 2004) (pretrial detainee's "habeas petition is properly considered under 28 U.S.C. § 2241, not § 2254, because at the time Stow filed his petition he was not 'in custody pursuant to the judgment of a State court.'"). Therefore, because Ealy challenges the propriety of criminal charges still pending against him, § 2241 provides the most appropriate vehicle for his claims. *Smith v. Coleman*, 521 F. App'x 444, 447 (6th Cir. 2013). The Court will construe Ealy's *pro se* habeas petition as seeking relief under the proper section. *Fisher v.*

*Rose*, 757 F.2d 789, 792 n.2 (6th Cir. 1985) (recognizing court's authority to construe a pretrial detainee's habeas petition filed under § 2254 as being brought under § 2241).

The Court has reviewed the petition and exhibits and concludes that it must be denied because Ealy is not entitled to relief. Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).[1] Ordinarily, a federal court will consider a defendant's challenges to the legality and constitutionality of his or her prosecution only after a full and thorough examination of those claims through the state's review process, including direct appeal and collateral attack. *Klein v. Leis*, 548 F. 3d 425, 430 n.2 (6th Cir. 2008). Therefore, "if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner," a federal court should abstain from exercising its habeas jurisdiction under § 2241 until after the petitioner exhausts available state court remedies. *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). Section 2241 petitions seeking relief before such state procedures have run their course are typically denied as premature. *In re Justices of Superior Court Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17-18 (1st Cir. 2000).

---

[1] The Court assumes that Ealy satisfies § 2241(c)'s requirement that he be "in custody" to seek habeas relief even though he was released from jail after he posted bond and he lists a residential mailing address in his petition. [Record No. 1 at 3] See *Justices of Boston Mun. Ct. v. Lydon*, 466 U.S. 294, 300-01 (1984) (holding that defendant released on personal recognizance pending trial was "in custody" to permit habeas review where conditions of release (including obligation to appear for trial, obtain court permission for out-of-state travel, and criminal sanctions for failure to appear) constituted restraints upon his liberty not shared by the general public).

Nonetheless, a person awaiting trial on state criminal charges may obtain habeas review under § 2241 prior to judgment, *Phillips v. Court of Common Pleas, Hamilton Co., Ohio*, 668 F.3d 804, 809 (6th Cir. 2012), but "such claims are extraordinary" and the circumstances where a federal court may properly entertain them are rare. *Christian v. Wellington*, 739 F.3d 294, 297 (6th Cir. 2014); *Fisher v. Rose*, 757 F.2d 789, 792 (6th Cir. 1985). Courts generally recognize two such circumstances. First, a claim that the state prosecution violates the Double Jeopardy Clause – assuming that the claim has been exhausted – may be considered notwithstanding the abstention principles set forth in *Younger v. Harris*, 401 U.S. 37 (1971). *In re Justices of Superior Court Dept. of Mass. Trial Ct.*, 218 F. 3d 11, 17-19 (1st Cir. 2000); *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992). Second, a claim that the defendant's right to a speedy trial is being violated may be considered, but only if the petitioner has exhausted his state court remedies and seeks an order compelling the state to grant him a speedy trial, not dismissal of the charges against him. *Justices of Superior Court*, 218 F.3d at 19; *Atkins*, 644 F.2d at 546; *Humphrey v. Plummer*, 840 F. Supp. 2d 1040, 1043 (S.D. Ohio 2011).

Ealy's challenge to the "subject matter jurisdiction" of the Gallatin Circuit Court and his claim that he was not issued a traffic citation immediately upon his arrest do not contest his prosecution upon either speedy trial or double jeopardy grounds and are not of the kind that warrant preemptive federal involvement. Instead, they are ordinary claims than can and must be asserted in the Kentucky courts in the first instance. In addition, Ealy does not allege that he has made any effort to present these arguments to the Kentucky

courts, let alone fully exhaust them. A review of the docket in Ealy's criminal case does not reveal that either he or any of his numerous court-appointed attorneys filed a motion to dismiss the charges against him upon these grounds.² The Court therefore declines to exercise habeas jurisdiction over Ealy's claims in light of his clear failure to exhaust.

Finally, on February 14, 2020 (the same day Ealy signed his petition) the Gallatin Circuit Court granted the Commonwealths Attorney's motion to dismiss the charges for receiving stolen property and being a persistent felony offender, and remanding the five remaining traffic charges back to the Gallatin District Court.³ The dismissal of the felony charges against Ealy renders his habeas claims with respect to them moot. Ealy does challenge the viability of the traffic charges, contending that Kentucky law bars his indictment for them because a citation was not issued when he was stopped. [Record No. 1 at 3] The factual basis for this claim is doubtful: the Gallatin District Court docket includes a copy of the Uniform Citation issued to Ealy on the date of his arrest on September 4, 2018, including all seven charged traffic violations. Regardless, Ealy claims his prosecution for these traffic offenses violates *Kentucky* law, and thus he does not claim

---

² See https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=039&court=1&division=CI&caseNumber=18-CR-00084&caseTypeCode=CR&client_id=0 (accessed February 28, 2020). The court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969).

³ *Id*.; see also https://kcoj.kycourts.net/CourtNet/Search/CaseAtAGlance?county=039&court=1&division=DI&caseNumber=18-F-00104&caseTypeCode=FE&client_id=0 (accessed February 28, 2020).

that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States" as required to invoke habeas jurisdiction under § 2241(c)(3).

For the reasons set forth above, the Court will deny Ealy's petition without prejudice so that he may pursue his claims in the courts of Kentucky.

As a final note, in early 2019, Ealy filed a civil rights complaint in this Court against the prosecutor in Gallatin County arising out of the same facts. *Ealy v. Knoebel*, No. 2:19-CV-50-WOB (E.D. Ky. 2019). The Court dismissed the numerous claims in that matter with prejudice on several grounds, including failure to state a claim, lack of standing, abstention and absolute quasi-judicial immunity. In reaching that decision, it noted that Ealy has an "extensive history of frivolous and abusive litigation in the United States District Court for the Southern District of Ohio and the United States Court of Appeals for the Sixth Circuit." That conduct caused the Southern District of Ohio and several other district courts throughout the country to impose pre-filing restrictions upon Ealy starting in 2009 -- sanctions that he has attempted to circumvent by various means, including filing suit under an alias and filing suit in distant and unrelated districts. This Court cautioned Ealy that it would consider imposing sanctions against him in future cases should his behavior warrant such action. *See id*. [Memorandum Opinion and Order dated April 30, 2019, at 4-5].

In this case, Ealy filed his petition in the Louisville Division of the Western District of Kentucky in an apparent effort to avoid filing suit in this district. The Western District, noting that Ealy's petition "suggest[s] that he is not currently incarcerated and that he may

not yet have been convicted of any crime," correctly concluded that venue is proper in the judicial district encompassing Gallatin County, and transferred the case to this district. [Record No. 3]  The fact that Ealy filed his earlier civil suit in this district indicates that he was aware that this district (where the events giving rise to his claims, including his arrest and prosecution, occurred) was the proper venue to file his petition.  Of course, this case involves a habeas corpus petition rather than a civil rights action, but Ealy has repeatedly been advised in prior cases of the proper venue to file a habeas corpus petition, *Ealy v. Cook*, No. 3: 18-CV-63-TMR-MRM (S.D. Ohio 2018), including one involving pretrial detention, *Ealy v. Sheriff Robertson, Facility*, No. 3: 12-CV-97 (N.D. W.Va. 2012).

Based on the foregoing, the Court repeats its prior admonition that further efforts by Ealy to disregard or circumvent proper judicial procedures or file legal claims that are patently without merit will result in the imposition of sanctions, pre-filing restrictions, or both.  Accordingly, it is hereby

**ORDERED** as follows:

1. Larry E. Ealy's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**, without prejudice.

2. This matter is **DISMISSED** and **STRICKEN** from the docket.

Dated: March 3, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky